UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARL LEE FORD, | CASE NO. 18-5126 RJB |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, LES PARRON and JANE DOE PATTON and their marital community, LARS CARLSEN and JANE DOE CARLSEN, and their marital community, | |
| Defendants. | |

This matter comes before the Court on the undersigned's order to show cause, if any they had, why the remaining state law claims should not be remanded to Thurston County, Washington Superior Court. Dkt. 22. The Court has considered the responses to the order to show cause and the remaining file.

ORDER REMANDING CASE - 1

This case arises from a life without the possibility of parole prison sentence that Plaintiff alleges was imposed because of an error in a presentence investigation report. Dkt. 1. Plaintiff asserted the Community Corrections Officer, Les Patton, who created the report, and his supervisor Lars Carlsen, who signed off on the report, violated Plaintiff's federal constitutional due process rights. *Id.* Plaintiff also makes state claims against all Defendants for negligence, negligent and intentional infliction of emotional distress, and unlawful imprisonment. *Id.* Plaintiff seeks damages, attorney's fees, and costs. *Id.*

On April 12, 2018, all Plaintiff's federal claims were dismissed. Dkt. 22. For the reasons provided below, this case should be remanded to Thurston County, Washington.

## I. FACTS

The facts are in the April 12, 2018 Order on Defendants' Motion to Dismiss and Plaintiff's Motion Amend (Dkt. 22) and are adopted here by reference. Plaintiff's state law claims remain.

## II. DISCUSSION

**STATE LAW CLAIMS AND EXERCISE OF SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over a state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of

economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. As above, all Plaintiffs' federal claims have been dismissed. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1); complex issues for which the state court is uniquely suited. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction. Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001. All remaining deadlines should be stricken and the case should be remanded to Thurston County Washington Superior Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- All case deadlines **ARE STRICKEN**;
- The case **IS REMANDED** to Thurston County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2018.

ROBERT J. BRYAN
United States District Judge